UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-60279-CIV-UNGARO

CONSTANTINE STASSIS et al.,

    Plaintiffs,

v.

OCEAN SUMMIT ASSOCIATION, INC.,

    Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss the Plaintiffs' Complaint, filed March 20, 2008 (D.E. 5). Plaintiffs filed their Response on April 10, 2008 (D.E. 9).

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. By way of background, this case arises out of Defendant's requirement that Plaintiffs install single-hung impact windows, which Plaintiffs state Plaintiff Rice cannot operate, in their residence. (*See generally* Compl.) In its Motion, Defendant argues that the Complaint should be dismissed because (1) Plaintiffs' claims are subject to mandatory, non-binding arbitration; (2) Plaintiffs have failed to exhaust their administrative remedies; and (3) the Complaint fails to state a cause of action for either damages or injunctive relief under the Fair Housing Amendment Act ("FHAA"). (Def.'s Mot. 1-2.) In the alternative, Defendant claims that the Complaint "is so vague and ambiguous that Defendant cannot reasonably be expected to respond." (Def.'s Mot. 2.)

Defendant first argues that Plaintiffs' claims are subject to mandatory, non-binding

arbitration. According to Defendant, Fla. Stat. § 720.311, and by incorporation Fla. Stat. § 718.1255, require that certain disputes between a condominium association and a parcel owner be filed with the Florida Department of Business and Professional Regulation ("FDBPR") for mandatory, non-binding arbitration before the dispute can be filed in court, and Plaintiffs have failed to engage in this mandatory arbitration proceeding. (Def.'s Mot. 3.)  The Court disagrees. Section 720.311 forms part of the Homeowners' Associations chapter of the Florida Statutes, *see* Fla. Stat. § 720.301 *et seq*., and requires that disputes between a homeowners' association and a parcel owner be submitted for mandatory mediation prior to being filed in court. Fla. Stat. § 720.311(2)(a). The dispute in this case is between a condominium association and a unit owner and, thus, is governed by chapter 718 of the Florida Statutes. Despite Defendant's assertions to the contrary, section 720.311 is inapplicable here because the dispute between Plaintiffs and Defendant involves a condominium association, not a homeowners' association; section 720.311 does mention section 718.1255, but only in reference to the arbitration procedures that such section outlines in great detail. *See* Fla. Stat. § 720.311. Section 718.1255 is also inapplicable to the case at hand because it does not fit within the statute's definition of "dispute." According to section 718.1255, the term "dispute" means, most relevantly, a disagreement involving the authority of the board of directors of a condominium association "under this chapter or association document" to require a unit owner to take action involving his unit. Fla. Stat. § 718.1255. As Plaintiffs note in their Response, Plaintiffs' Complaint alleges violations of the FHAA, not the Condominium Act, Fla. Stat. § 718.101 et seq., or any document of Defendant condominium association. (Pls.' Resp. 2.) Accordingly, the alternative dispute resolution mechanisms mentioned in the sections 718.1255 and 720.311 are not applicable to this action.

Next, Defendant claims that Plaintiffs have failed to comply a condition precedent to filing suit: to wit, they have not filed an administrative complaint with the Florida Commission on Human Relations or the U.S. Department of Housing and Urban Development. (Def.'s Mot. 5.) The Court disagrees, as there is no requirement that a plaintiff exhaust its administrative remedies prior to filing suit under the FHAA. In fact, the FHAA explicitly states as much. *See* 42 U.S.C. § 3613(a)(2). Additionally, the Eleventh Circuit has cited with approval cases holding that FHAA plaintiffs are not required to exhaust administrative remedies before bringing suit. *See Jackson v. Okaloosa County*, 21 F.3d 1531, 1541 n.16 (11th Cir. 1994). The cases that Defendant cites are either inapposite[1] or non-binding.[2] As such, the Court finds that Plaintiffs were not required to exhaust their administrative remedies prior to filing this action.

Defendant then argues that the Complaint fails to state a claim for relief. In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). When considering a motion to dismiss, the Court must liberally construe the complaint in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). At this stage of the litigation, the Court must consider the allegations contained in the plaintiff's complaint as true, and accept all

---

[1] *See Dept. of Agric. and Consumer Servs. v. City of Pompano Beach*, 792 So.2d 539, 545 (Fla. 4th DCA 2001) ("Generally, where administrative remedies are available, it is improper to seek relief in *the circuit court* before those remedies are exhausted") (emphasis added); *see also San Marco Contracting Co. v. Dept. of Transp.*, 386 So.2d 615, 617 (Fla. 1st DCA 1980) (stating that a plaintiff must comply with the prerequisites of a statute prior to alleging a cause of action pursuant to such statute).

[2] *See Sandhill, Inc. v. City of Springfield*, 221 F.3d 1343 (8th Cir. 2000) (unpublished one page Eighth Circuit opinion affirming without discussion district court's grant of summary judgment because of failure to exhaust administrative remedies).

reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). While a complaint does not need to set forth detailed factual allegations to survive a motion to dismiss, the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). In practice, to adequately state a claim, "plaintiffs must do more than state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F. 3d 1250, 1263 (11th Cir. 2004). Moreover, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id*. at 1262-63 (citation and quotation marks omitted).

      Defendant contends that Count I of the Complaint fails to state a cause of action under the FHAA.[3] (Def.'s Mot. 8-11.) In order to state a cause of action under 42 U.S.C. § 3604(f)(3)(B), a plaintiff must show that (1) the plaintiff suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) the defendant knew of the plaintiff's handicap or should reasonably be expected to know of it; (3) the accommodation of the handicap may be necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendant refused to make such accommodation. *U.S. v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997). Defendant argues that the Complaint is deficient with respect to the first element because

---

[3] Curiously, Defendant also argues that the FHAA is inapplicable to Plaintiffs' claims because the FHAA is not intended to require physical changes of a dwelling structure or premises. (Def.'s Mot. 7.) However, Plaintiffs are alleging discrimination under section 3604(f)(3)(B) of the FHAA for Defendant's refusal to make reasonable accommodations in its rules when such accommodation may be necessary to afford a handicapped person equal opportunity to use and enjoy his dwelling. (*See* Compl. ¶ 13.)

"Plaintiffs have made conclusory allegations of disability and limitation only." (Def.'s Mot. 10.) However, Defendant appears not to have read the Complaint very closely, as it apparently overlooked Exhibit B to the Complaint, which details Plaintiff Rice's physical limitations, including her inability to lift even moderately heavy objects. (*See* Compl., Ex. B.) Defendant also states that Plaintiffs have not met their burden with respect to the third element because they have not shown that the requested accommodation was reasonable or necessary. (Def.'s Mot. 10-11.) On the contrary, Plaintiffs have alleged that the accommodation (allowing Plaintiffs to install sliding impact windows) is necessary because Plaintiffs wish to have the ability to open and close their windows several times per day and Plaintiff Rice is unable to open the mandated single-hung impact windows. (Compl. ¶¶ 5-7.) Plaintiffs have also alleged that the accommodation is reasonable because the windows Plaintiffs have offered to install are also impact windows. (Compl. ¶ 5.) Thus, having reviewed the Complaint, it is clear that Plaintiffs have properly alleged a cause of action under section 3604(f)(3)(B).

Defendant also argues that Count II of the Complaint fails to state a cause of action for injunctive relief. (Def.'s Mot. 11-12.) In order to state a claim for an injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits; (2) that the plaintiff will suffer irreparable harm unless the injunction is issued; (3) that the threatened injury to the plaintiff outweighs the possible injury that the injunction may cause the defendant; and (4) that the injunction would not harm the public interest. *Horton v. City of St. Augustine, Fla.*, 272 F.3d 1318, 1326 (11th Cir. 2001) (citations omitted). In the instant case, Plaintiffs have sufficiently pled each of these elements in their Complaint. (*See* Compl. ¶¶ 23-26.) Thus, Defendant's Motion must be denied.

Finally, Defendant appears to be asking for a more definite statement of Plaintiffs' Complaint.  (*See* Def.'s Mot. 2.)  Federal Courts disfavor motions for a more definite statement, in view of the liberal pleading and discovery requirements set forth in the Federal Rules of Civil Procedure.  *See Hobbs v. BH Cars, Inc.*, 2004 WL 1242838, *2 (S.D. Fla. June 4, 2004) (citing *Bazal v. Belford Trucking Co.*, 442 F. Supp. 1089, 1101-2 (S.D. Fla. 1977)).  Pleadings provide notice, whereas discovery procedures provide "the intricacies of the issues and evidence for trial." *Id*. (citing *Betancourt v. Marine Cargo Mgmt*., 930 F. Supp. 606, 608 (S.D. Fla. 1996)). Thus, a motion for a more definite statement will be granted only if "'the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself.'" *Id*. (quoting *Adelphia Cable Partners, L.P. v. E & A Beepers Corp.*, 188 F.R.D. 662, 665 (S.D. Fla. 1999)).  Having reviewed the Complaint, the Court finds that the allegations contained therein are set forth with sufficient clarity that Defendant can form a responsive statement in good faith.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion (D.E. 5) is DENIED.  Defendant SHALL file an answer to Plaintiff's Complaint on or before April 28, 2008 at 5:00 p.m.

DONE AND ORDERED in Chambers, in Miami, Florida, this 17th day of April, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

*Copies provided to:*
counsel of record